[Crim. No. 24713. May 22, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES EDWARD THOMAS, Defendant and Appellant.

COUNSEL

Daniel Costello, under appointment by the Supreme Court, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eugene W. Kaster, Ann K. Jensen, David D. Salmon and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BROUSSARD, J.**—Defendant was convicted of rape. Prior to trial, he admitted that he had four times been convicted of burglary, "a serious felony . . . within the meaning of sections 667 and 1192.7 of the Penal Code." The trial judge accordingly sentenced defendant to twenty-eight years in prison, eight years for the rape and five years for each of the prior serious felonies. The Court of Appeal affirmed. Defendant's petition for review challenges only the imposition of the serious felony enhancements.

We granted review to consider two issues as to which Court of Appeal decisions have reached conflicting results: (1) When the serious felony is "residential burglary," is an admission of conviction of a burglary "within the meaning of section 667"—without an express admission of its residential character—sufficient to permit imposition of the serious felony enhancement? (2) Is such an admission sufficient when it is not the result of a plea bargain? We resolve both questions in the affirmative, and therefore affirm the conviction and sentence.

Section 667,[1] enacted in June 1982 as part of initiative Proposition 8, provides in subdivision (a) that "[a]ny person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall

---

[1] All statutory citations are to the Penal Code.

receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction." Subdivision (d) defines "serious felony" by reference to section 1192.7, subdivision (c). That section lists 25 items, including both "rape" and "burglary of a residence."

We considered numerous issues relating to sections 667 and 1192.7 in *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736]. Jackson was charged with a burglary committed in August of 1982; the information also charged three prior serious felony convictions of second degree burglary, describing each as a "residential burglary." Jackson entered into a plea bargain in which he pled guilty to burglary, admitting the burglary involved entry into a residence, and further admitted one of the prior residential burglaries. He was sentenced to two years for burglary plus a five-year serious felony enhancement.

We first held that the statutory enhancement could apply even though Jackson's prior burglary antedated Proposition 8. The question arose, however, whether the prosecution could prove that the prior burglary was a "burglary of a residence," since Jackson had been convicted of only second degree burglary, and one can commit this crime without entering a residence. We discussed this issue at length and observed that "[w]ith respect to a prior burglary conviction, . . . which antedates Proposition 8, proof of the residential character of the burglary encounters obstacles. The record of a conviction for second degree burglary would not prove entry into a residence, even if the pleadings included superfluous allegations to that effect. [Citation.] Moreover, the People could not go behind that record to prove a fact which was not then an element of the crime. [Citations.] . . . [¶] There is no rule, however, which bars the defendant from admitting that a prior burglary involved entry into a residence, even if the prosecution is unable to prove the allegation. We permit a defendant in connection with a plea bargain to plead guilty to an offense with which he was not charged, and which the prosecution cannot prove, so long as it is reasonably related to defendant's conduct. [Citation.] A defendant should have the same latitude with respect to enhancements; if, as part of a bargain, he finds it advantageous to admit an enhancement which the prosecution may be unable to prove, *Crowson* [*People* v. *Crowson* (1983) 33 Cal.3d 623 (190 Cal.Rptr. 165, 660 P.2d 389)] does not prevent the court from giving effect to that admission. [¶] . . . When a defendant enters into a bargain to protect himself against uncertainty in the law, we see no reason why defendant should not be bound to the terms of his bargain and plea." (Pp. 836-837, fn. omitted.)

The present appeal requires us to apply the *Jackson* analysis. Defendant James Thomas was charged with a rape committed on October 22, 1983.

The information further alleged, in four identical paragraphs, "that prior to the commission of the offense charged in Count One herein, the said defendant, JAMES EDWARD THOMAS was, in the Superior Court of the State of California, in and for the County of SANTA CLARA, convicted of a serious felony, to wit: BURGLARY, on charges brought and tried separately, within the meaning of sections 667 and 1192.7 of the Penal Code." A fifth paragraph used the same language to refer to a burglary conviction in Contra Costa County. The district attorney subsequently dismissed one of the Santa Clara County convictions because he could not prove it resulted from "charges brought and tried separately" as required by section 667. The information did not state the date of the remaining convictions,[2] but all of these crimes antedate Proposition 8, and occurred at a time when entry into a residence was not an element of the crime of second degree burglary.[3]

Before trial began defense counsel said his client would "admit the prior convictions so that they don't come before the jury in the People's case in chief and so that the jury is not asked to make a determination as to their truth or falsity."[4] The judge agreed to this procedure, and advised defendant that as a result of his admissions, the court could impose an additional five-year sentence for each prior conviction. He then asked defendant as to each prior conviction if defendant admitted that he was convicted of a "serious

---

[2]The Court of Appeal opinion asserts that the Santa Clara County convictions occurred in 1965, 1969 and 1978, and the Contra Costa County conviction in 1965; defendant notes that the 1978 conviction was reversed on appeal, but he was convicted on retrial in 1980.

[3]It may seem an unusually harsh exercise of the prosecutorial office to seek separate enhancements based upon four convictions, three of which are over ten years old. The probation report, however, reveals the likely basis for the prosecutor's actions. Defendant has in fact nine prior convictions for burglary. He is mentally ill (schizophrenic, on medication) and has spent extensive periods in state hospitals at Napa, Vacaville and Atascadero. He is considered dangerous, and the prosecutor probably thought the enhanced sentence a suitable means of removing him from contact with the public.

[4]People v. Bracamonte (1981) 119 Cal.App.3d 644, 650-654 [174 Cal.Rptr. 191], held that a defendant is entitled to a bifurcated trial on the validity of prior convictions alleged as enhancements. (Contra, People v. Trujillo (1984) 154 Cal.App.3d 1077, 1090-1091 [202 Cal.Rptr. 832].) At the time of defendant's trial there was some question of the effect on Bracamonte of Proposition 8's provision that "[a]ny prior felony conviction . . . shall subsequently be used without limitation for purposes of enhancement." (Cal. Const., art. I, § 28, subd. (f).) An extant Court of Appeal opinion, People v. Miller, held that Proposition 8 overruled Bracamonte, but that opinion was vacated by our grant of a hearing. A subsequent Court of Appeal decision, People v. Tipton (1984) 160 Cal.App.3d 853, 856 [206 Cal.Rptr. 821], held that Bracamonte survives. Thus it is not clear whether defendant's admission was essential to avoid having the jury learn of the prior convictions, or whether he could prevent the jury from learning of those convictions by a bifurcated trial. The matter has still not been definitively settled by this court.

In any case, defendant obtained no benefit from his admission of the prior convictions because his counsel later decided that he would call defendant as a witness, and informed the jurors of those convictions during voir dire of the jury. Counsel then changed his tactics again and decided not to call defendant to testify. No question of counsel's competency is raised on appeal.

felony, burglary, on charges brought and separately tried within the meaning of sections 667 and 1192.7 of the Penal Code." Defendant replied, ".Yes, I do."

The case was tried to a jury on the rape charge. The victim testified that defendant entered her bedroom at a board and care home for women, threatened to kill her if she made any noise, and then forced her to submit to intercourse. Another resident heard voices and entered the room. Defendant fled, pursued by the manager and two visitors, who caught the defendant a few houses away. Defendant admitted entering the facility, but said his intent was to steal and denied committing the rape. Defendant was found guilty, and sentenced on the rape conviction with four serious felony enhancements.

■ Defendant first contends that his admission of the prior convictions was insufficient because he did not specially admit that his prior burglaries involved entry into a residence.[5] This is an issue which has divided the Courts of Appeal. In *People* v. *Garner* (1985) 165 Cal.App.3d 145 [211 Cal.Rptr. 267], the defendant, like the present defendant, admitted that his prior burglaries were serious felonies but not that they were residential in character. The court rejected the inference that by reference to serious felonies under sections 667 and 1192.7, "the pleader intended to allege a residential burglary. While this may be true, we would not discount the possibility that the pleader may have labored under the mistaken belief that all burglaries, whether or not residential, were serious felonies. . . . [¶] Further, even were we to infer that the pleader meant to allege that each prior was residential, he did not do so. . . . We are unwilling to impute to a criminal defendant the knowledge that the only burglary qualifying as a serious felony is a residential burglary." (Pp. 149-150.) *Garner* concluded that the defendant's admissions were insufficient to permit imposition of a serious felony enhancement. *People* v. *Kane* (1985) 165 Cal.App.3d 480, 487 [211 Cal.Rptr. 628], reached a contrary conclusion, holding succinctly that defendant's admission "constituted an adjudication that the structure burglarized was a residence." (P. 487.)

We also hold that defendant's admission is sufficient, although not for the reason stated by *Kane*. A burglary does not have to involve a residence to

---

[5]Defendant also contends that prior to our decision in *Jackson* and its companion case, *People* v. *O'Bryan* (1985) 37 Cal.3d 841 [210 Cal.Rptr. 450, 694 P.2d 135], the definition of "residence" in section 1192.7 was unclear. The discussion in *O'Bryan,* however, makes it clear that the only uncertainty concerned entry into the inhabited portions of nonresidential buildings. (See 37 Cal.3d at pp. 844-845.) While a statute may be so uncertain that it is unconstitutionally vague, defendant does not contend that section 1192.7 fails on this ground. Contrary to defendant's claim, it is clearly not the case that a defendant cannot be charged under a statute until all its uncertainties have been cured by judicial interpretation— especially when he does not claim that his conduct falls within the uncertain area.

be a serious felony under section 1192.7; that section would also include a burglary in which the defendant inflicted great bodily injury on any person other than an accomplice (subd. (c)(8)), used a firearm (subd. (c)(8)), or used a deadly weapon (subd. (c)(23)). Thus the issue posed by the information is not whether the defendant entered a residence, but whether he committed the burglary in a manner which would render it a "serious felony" under section 1192.7. Defendant's admission concedes this exact issue.

Since there are several ways in which a burglary may qualify as a serious felony, a pleading which alleges only that defendant was convicted of a serious felony within the meaning of sections 667 and 1192.7 may leave defendant in doubt as to the basis of the charged enhancement. The better practice, we believe, would be to allege specifically that the prior burglary was residential, involved use of a firearm or deadly weapon, or the infliction of great bodily injury. The defect in the pleading, however, is one of uncertainty only, and is waived by defendant's failure to demur. (§ 1012; see *People* v. *Ellenwood* (1897) 119 Cal. 166, 168 [51 P. 553]; *People* v. *Guernsey* (1947) 80 Cal.App.2d 463, 466 [180 P.2d 27]; *People* v. *Benenato* (1946) 77 Cal.App.2d 350, 363 [175 P.2d 296] [disapproved on other grounds in *In re Wright* (1967) 65 Cal.2d 650, 654-655 (56 Cal.Rptr. 110, 422 P.2d 998)]; *People* v. *Burness* (1942) 53 Cal.App.2d 214, 218 [127 P.2d 623].)

Two examples will illustrate this point. In *People* v. *Failla* (1966) 64 Cal.2d 560 [51 Cal.Rptr. 103, 414 P.2d 39], defendant was charged with burglary in that he entered the victim's apartments "with the intent . . . to commit a felony and theft." The court commented that "[t]he information should have specified the particular felony intended [citation], but defendant is deemed by operation of law (Pen. Code, § 1012) to have waived any objection to that deficiency when he failed to enter a demurrer." (P. 568.) In *People* v. *Clenney* (1958) 165 Cal.App.2d 241 [331 P.2d 696], defendant was charged in the language of former Vehicle Code section 501, which provided that any person who, while driving under the influence of alcohol, "does any act forbidden by law" which causes injury to another is guilty of a felony. The court said that the forbidden act "should be pleaded or the complaint is subject to special demurrer. . . . If the defendant does not demur, the pleading in the terms of the statute would be sufficient." (P. 254.)

It is not the function of the information to state the elements of an offense or enhancement. (See §§ 951, 952, 969.) It is, instead, the role of counsel to explain to his client the essentials of the charge. We recognize that in an occasional case counsel may fail to do so, and a defendant may plead guilty

or admit an enhancement without having been informed of some critical matter, but that claim is best asserted by a petition for a writ of habeas corpus.

*Henderson* v. *Morgan* (1976) 426 U.S. 637 [49 L.Ed.2d 108, 96 S.Ct. 2253], the case on which defendant relies, is the proverbial exception which proves the rule. In that case the United States Supreme Court granted habeas corpus to a defendant who pled guilty to second degree murder without knowing that intent was an essential element of the crime. The court explained its decision to grant relief: "[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. This case is unique because the trial judge found as a fact that the element of intent was not explained to [defendant]." (P. 647 [49 L.Ed.2d at p. 116].)

Here we have neither claim nor finding that defendant was not advised of the elements of the charge and enhancements. ■■ ■■ ■■ ■■ From all that appears on the record this is no different from any other case in which counsel explains to his client the basis of the charges, and the client, in admitting the charges, knowingly admits each of the elements of that charge.[6] ■■ If defendant wants to assert that in fact he was not properly advised of the basis of the serious felony charges, he will have to do so by petition for a writ of habeas corpus.[7]

■■ Defendant next contends that his admissions were ineffective because they were not a part of a plea bargain, citing the language from *Jackson* quoted earlier. (*Ante*, pp. 840-841.)[8] A defendant may admit an enhancement for a variety of reasons: as part of a plea bargain, as in *Jackson;* to obtain a perceived tactical advantage, such as keeping the convictions from the ken of the jury, as here; because he believes it futile to contest the prosecution's proof; or simply because he honestly knows the allegations to be true. We know of no cases which hold that an admission induced by a plea bargain is any more effective to prove a contested allegation than admissions induced by some other motive. To the contrary, when the sufficiency of an admission of a prior conviction is called into question, the only issue is whether the admission was voluntary, made by a defendant who has been informed of his constitutional rights and of the consequences of the

---

[6]A plea of guilty admits every element of the crime charged. (*People* v. *Jones* (1959) 52 Cal.2d 636, 651 [343 P.2d 577].

[7]Language contrary to this opinion in *People* v. *Garner, supra,* 165 Cal.App.3d 145, is disapproved.

[8]The Court of Appeal decisions also conflicted on this issue, but all published opinions have been depublished by grant of review or order of this court.

admission. (See *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561].) An admission which meets those standards is binding whether or not defendant obtained an adequate consideration in return for the admission.

We conclude that defendant's admissions that he was previously convicted on four separate occasions of burglary, and that such burglaries were "serious felonies" within the meaning of sections 667 and 1192.7, are sufficient under *Jackson* to establish that allegation. Defendant therefore was properly sentenced to four 5-year enhancements under those sections.

The judgment is affirmed.

Bird, C. J., Mosk, J., Reynoso, J., Grodin, J., Lucas, J., and Panelli, J., concurred.