[No. B007467. Second Dist., Div. Three. Feb. 26, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
LEWIS CLAYTON RICHARD, Defendant and Appellant.

COUNSEL

Joseph E. Gerbac, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Mark A. Hart and Richard B. Cullather, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ARABIAN, J.—

### INTRODUCTION

After a court trial, defendant and appellant Lewis Clayton Richard (appellant) was convicted of murder in the first degree (Pen. Code, § 187). It was found that appellant had personally used a firearm in the commission of the murder (Pen. Code, §§ 12022.5, 1203.06, subd. (a)(1)). He admitted that he had sustained three prior convictions within the meaning of Penal Code section 667, subdivision (a). On May 2, 1985, this court affirmed the judgment of conviction. On August 1, 1985, the California Supreme Court granted appellant's petition for review. The Supreme Court transferred the case to this court on September 25, 1986, for reconsideration in light of *People* v. *Thomas* (1986) 41 Cal.3d 837, 842-844 [226 Cal.Rptr. 107, 718 P.2d 94].) We again affirm the judgment of the trial court.

### CONTENTION

"Penal Code section 667(a) cannot lawfully be applied to appellant's case."

## STATEMENT OF FACTS

The evidence introduced at trial shows that after quarreling with the victim, Sam Henry, over repairs made to appellant's automobile, appellant left and returned 15 to 30 minutes later with a shotgun. In response to Henry's statement, " 'Oh, you're going to shoot me now,' " appellant responded, " 'Well, you don't owe me or you think I owe you . . . [¶] Well, I'll pay you.' " Whereupon appellant fired two shots at Henry, who died as a result of a blast to the heart.

## PROCEDURAL HISTORY

Appellant was charged with murder (Pen. Code, § 187). It was further alleged that in committing the murder appellant personally used a firearm within the meaning of Penal Code sections 12022.5 and 1203.06, subdivision (a)(1), and committed the murder, a violent felony (Pen. Code, § 667.5, subd. (c)), while on state prison parole within the meaning of Penal Code section 1203.085, subdivision (b). It was also alleged that appellant had been convicted of five prior felonies, including three second degree burglaries, within the meaning of Penal Code section 1203, subdivision (e)(4). As to the five prior felony convictions, it was further alleged that each was a violent felony for which a prior prison term was served within the meaning of Penal Code section 667.5, subdivisions (b) and (c), and had been committed while appellant was on state prison parole (Pen. Code, § 3000) within the meaning of Penal Code section 1203.085. In addition, there were allegations that each of the three second degree burglary convictions was a serious felony within the meaning of Penal Code section 667, subdivision (a).

Immediately after the court found appellant guilty of murder in the first degree and found true the allegation that appellant had personally used a firearm in the commission of the murder, the parties informed the court that appellant would admit the prior convictions. As to his three prior second degree burglary convictions, appellant was advised that each was a serious felony within the meaning of Penal Code section 667, subdivision (a). Appellant acknowledged that he understood the allegations. Following appropriate waivers, appellant was also informed, and acknowledged that he understood, that each of the three prior second degree burglary convictions could add five consecutive years to his sentence, for a total additional consecutive term of 15 years. Counsel then stipulated that there was a factual basis for appellant's admissions and that all of the prior convictions were serious felony prior convictions within the meaning of Penal Code section 667, subdivision (a). Appellant thereafter admitted the three prior serious felony convictions. There was no finding as to the other two prior conviction allegations.

Appellant was sentenced to a term of 15 years as a result of his admissions of the prior convictions of serious felonies and sentenced to an indeterminate term of 25 years to life for the first degree murder. The court stayed the consecutive term imposed for the personal use of a firearm.

## DISCUSSION

■ We find without merit appellant's contention that second degree burglary is not a burglary of a residence and hence not a serious felony for purposes of Penal Code sections 667, subdivision (a), and 1192.7, subdivision (c). A burglary does not have to involve a residence to be a serious felony under section 1192.7, which also includes a burglary in which the defendant inflicted great bodily injury on any person other than an accomplice (subd. (c)(8)), or used a deadly weapon (subd. (c)(23)). (*People* v. *Thomas* (1986) 41 Cal.3d 837, 842-843 [226 Cal.Rptr. 107, 718 P.2d 94].) "[T]he issue posed by the information is not whether appellant entered a residence [when committing each of these burglaries], but whether he committed [each] in a manner which would render it a 'serious felony' under section 1192.7. [Appellant's] admission concedes this exact issue." (*Id.,* at p. 843.)

Appellant's admissions of the prior convictions were not limited in scope only to the fact of the convictions, but extended to *all* allegations concerning the prior convictions contained in the information. He is now bound by his admissions. (*Ibid.*; *People* v. *Jackson* (1985) 37 Cal.3d 826, 835-836 [210 Cal.Rptr. 623, 694 P.2d 736].)

## DISPOSITION

The judgment is affirmed.

Klein, P. J., and Lui, J., concurred.