Filed 6/26/13  P. v. Haley CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038928 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1113668) |
| v. | |
| TODD MICHAEL HALEY, | |
| Defendant and Appellant. | |

On May 24, 2012, Todd Haley (defendant) pleaded no contest to one count of robbery (Pen. Code, §§ 211-212.5), admitted that he was on felony probation when he committed the crime (Pen. Code, § 1203. subd. (k)),[1] and that he had a prior strike conviction within the meaning of Penal Code sections 667, subdivisions (b)-(i) and 1170.12.  In exchange for his no contest plea, defendant was promised a six year prison term (top/bottom), the dismissal of a "Prop 8 prior" allegation and one count of giving a false name to a police officer.  (Pen. Code, § 148.9.)

On September 18, 2012, the court sentenced defendant pursuant to the terms of the plea bargain.  The court awarded appellant custody credits of 403 actual days and 60 days conduct credit (limited to 15 percent pursuant to Penal Code section 2933.1).

---

[1]    Penal Code section 1203, subdivision (k) provides, "Probation shall not be granted to, nor shall the execution of, or imposition of sentence be suspended for, any person who is convicted of a violent felony, as defined in subdivision (c) of Section 667.5, or a serious felony, as defined in subdivision (c) of Section 1192.7, and who was on probation for a felony offense at the time of the commission of the new felony offense."

Subsequently, defendant filed two notices of appeal. In both notices he purports to appeal his sentence and the denial of a *Marsden* motion.[2]

Defendant's appointed counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel has declared that defendant was notified that no issues were being raised by counsel on appeal and that an independent review under *Wende* was being requested.

On February 27, 2013, we notified defendant of his right to submit written argument on his own behalf within 30 days. We have received two letters from defendant. In his first letter he details the history of his case. In addition, he appears to be raising several claims that he received ineffective assistance of counsel related to his plea bargain, as well as arguing that he did not have a prior strike conviction and was not on felony probation when he committed the robbery. In his second letter received May 2, 2013, appellant provides us with an "urgent news update." In this letter, he informs this court that he is facing a "three strikes" case in Monterey County and asks us to "prioritize" his case. Attached to this letter are the transcripts from two hearings that occurred in 2008 related to his conviction for robbery in Riverside County, California.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded there is no arguable issue on appeal. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*Id*. at p. 110.) In addition, we have described defendant's contentions. We will explain why we reject them. (*Id.* at p.113.)

---

[2]     *People v. Marsden* (1970) 2 Cal.3d 118.

Since defendant entered his plea before his preliminary hearing was scheduled to take place, the facts underlying appellant's conviction are not before us. However, we glean from the record that defendant robbed a Bank of America of $5,119.75.[3]

*Proceedings Below*

On August 17, 2011, the Santa Clara County District Attorney filed a complaint in which defendant was charged with one count of robbery (§ 211-212.5)[4] and one count of giving a false name to a police officer (§ 148.9). The complaint contained three allegations. Specifically, it was alleged that appellant was on probation for a felony offense when he committed the robbery (§ 1203, subd. (k), that he had a prior serious felony conviction for robbery (§§ 667, subd. (a) & 1192.7), and that his prior robbery conviction was a strike within the meaning of sections 667, subdivisions (b)-(i) and 1170.12.

On November 14, 2011, defense counsel requested that the court appoint a doctor to examine defendant. Counsel stated that an examination of defendant was necessary in order for counsel to determine whether to advise defendant to enter a plea based on insanity or present a defense based upon defendant's mental or emotional condition. The court ordered defendant to undergo a psychological evaluation and defendant's case was continued to January 5, 2012.

On January 5, 2012, defense counsel declared a doubt as to defendant's competence to stand trial under section 1368; criminal proceedings were suspended.

---

[3] In his first letter, appellant sets out a statement of his case in which he asserts that no threat or force was employed when he took the cash and hence "the threat of violence was kept to a minimum." He admits that he told the bank teller, " 'Give me the money, an I'm outta here.[']" Defendant states that the teller "politely complied." Defendant says that he was aware of the bank's policy of "complying when a demand for money ha[s] been made," therefore, he contends, in essence, that "a threat of violence" was not required.

[4] All unspecified section references are to the Penal Code.

3

On February 21, 2012, while defendant's psychological evaluation was still pending, defendant filed a motion for substitution of counsel pursuant to *Marsden*, *supra*, 2 Cal.3d 118. The court heard and denied defendant's *Marsden* motion on February 29, 2012.

Thereafter, on April 11, 2012, the matter of defendant's competence to stand trial was submitted to the court on the reports from defendant's psychological evaluations; the court found defendant competent to stand trial.

On May 24, 2012, defendant entered into the negotiated disposition the terms of which we have outlined *ante*. The trial judge noted that by agreement there was to be no *Romero* motion.[5] At the hearing, defendant was advised of his constitutional rights and the consequences of his plea; defendant waived his rights. Judge Schneider asked defendant if he had been able to discuss his matter with his attorney including possible defenses; defendant confirmed that he had. The court asked defendant if he was satisfied with the discussions; defendant confirmed that he was. Thereafter, defendant entered his plea of no contest to "count one [a] felonious violation of Penal Code section 211/212.5(c), robbery of cash, taking that from the person of Sarah Turn from her person or immediate presence and against her will by means of force and fear . . . ." Judge Schneider went on to ask defendant if he was on probation for robbery from Riverside County at the time of the robbery. Defense counsel interrupted the court to ask if the court meant did defendant have a strike prior. The court said no, he was asking the question with regard to the probation eligibility statute, section 1203. The prosecutor interceded and said "[t]hat's just probation ineligibility." The court responded, "That makes him absolutely ineligible for probation." Defense counsel countered, "[w]e already know that because he has a strike prior." The court insisted, "[b]ut he does admit -- do you admit that you're ineligible for probation?" Defense counsel responded,

---

[5]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

"Yes, we admitted it." Defendant responded, "Right." The court went on to ask defendant if he admitted his prior strike conviction—"the same robbery from the Riverside Docket SWFO26264. This has the effect of making you absolutely ineligible for probation and doubling the term. Do you admit that prior strike conviction?" Defendant responded "Yes."

Before sentencing, on August 30, 2012, defendant filed a second *Marsden* motion. After a hearing on September 18, 2012, during which the court meticulously went through each point defendant had raised in his motion, the court denied the motion and sentenced defendant pursuant to the terms of the plea bargain. The court dismissed the false name count and the prior serious felony allegation.

*Defendant's Contentions*

Although defendant's writings are difficult to understand, we glean that he was not happy with his representation by the public defenders' office and felt that he was pressured into taking a plea deal in this case. During his two different *Marsden* motions defendant complained that his attorneys refused to meet with him, file motions on his behalf or supply him with copies of various transcripts. Both Judge Allegro and Judge Navarro listened to defendant's complaints and defense counsel's explanations for what had in fact happened; both denied defendant's request for substitute counsel. Judge Allegro noted that although she appreciated defendant's frustration having different attorneys represent him at different stages of the proceedings, all of whom were encouraging him to take a plea bargain that had been offered, she found nothing unprofessional about their representation.[6] Similarly, Judge Navarro found that defendant had presented insufficient evidence that his right to counsel had been substantially impaired. Having reviewed the transcripts of the *Marsden* hearings we find no error.

---

[6] At one point during this first *Marsden* hearing, defense counsel pointed out that as charged defendant was facing 15 years in state prison.

5

As to defendant's contention that he does not have a prior strike conviction, defendant admitted that he did.[7]  Any robbery constitutes a strike.  (§ 667, subds. (b)-(i) & 1170.12, 667.5, subd. (c), 1192.7, subd. (c)(19).)  For purposes of the three strikes law a prior conviction for a felony shall be defined as any offense defined in subdivision (c) of section 667.5 as a violent felony or any offense defined in subdivision (c) of section 1192.7 as a serious felony.  (§ 667, former subd. (d)(1).)  "Any Robbery" is designated as a violent felony in section 667.5 subdivision (c)(9) and "robbery or bank robbery" is designated a serious felony in section 1192.7 subdivision (a)(19).

As to defendant's contention that he was not on probation when he committed the robbery underlying the conviction in this case, again defendant admitted that he was.

By pleading guilty or no contest, a defendant admits every element of the offense and sentence enhancements.  (*People v. Thomas* (1986) 41 Cal.3d 837, 842-844, fn. 6 (*Thomas*); *People v. Lobaugh* (1987) 188 Cal.App.3d 780, 785 [enhancement admissions are subject to the same principles as guilty pleas and an admission waives any right to raise questions about the evidence, including its sufficiency]; section 1016 [no contest plea has the same effect as a guilty plea].)  When a defendant enters into a plea bargain, he is bound to the terms of the bargain.  (*Thomas, supra,* 41 Cal.3d at p. 840.)

Further, "section 1237.5 provides that a defendant may not take an appeal from a judgment of conviction entered on a plea of guilty or nolo contendere unless he has filed in the superior court a statement of certificate grounds, which go to the legality of the proceedings, including the validity of his plea, and has obtained from the superior court a certificate of probable cause for the appeal.  [Citation.]"  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1095.)

---

[7]      In fact, the transcripts from the Riverside County case with which defendant has supplied this court confirm that he pleaded guilty to robbery in 2008; and that he was placed on three years formal probation on November 7, 2008.

6

Since defendant did not did obtain a certificate of probable cause under section 1237.5, defendant cannot challenge the validity of his admission to the "strike" prior on appeal.  We see no logical reason that the same rule should not apply to his admission that he was on felony probation when he committed the robbery in this case.

*Conclusion*

Upon our independent review of the record including the transcripts from the two *Marsden* hearings that defendant requested, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.  Defendant's custody credits were correctly calculated pursuant to sections 4019 and 2933.1.[8]  At all times appellant was represented by competent counsel.

---

[8]     A criminal defendant is entitled to accrue both actual presentence custody credits under Penal Code section 2900.5 and conduct credits under Penal Code section 4019 for the period of incarceration prior to sentencing.  At the time defendant committed his crime on August 13, 2011, for a brief period of time section 2933, subdivision (e)(1) provided that a prisoner sentenced to state prison "shall have one day deducted from his or her period of confinement for every day he or she served in a county jail, city jail, industrial farm, or road camp from the date of arrest until state prison credits" were applicable if the defendant had satisfactorily performed labor and complied with all reasonable rules and regulations.  However, section 4019 and not this section applied because defendant has a prior conviction for a serious felony.  (§ 2933, former subds. (e)(1),(3), Stats. 2010, ch. 426 § 1, eff. Sept 28, 2010.)  In turn, when defendant committed his crime section 4019 provided for conduct credits to accrue at the rate of two days for every four days of actual time served in presentence custody.  (Stats. 2010, ch. 426, § 2.)  Nevertheless, defendant's custody credits under section 4019 were limited to 15 percent of the actual period of confinement because he was convicted of a felony—robbery, which is an offense listed in subdivision (c) of section 667.5.  (§ 2933.1 [any person who is convicted of a felony offense listed in subdivision (c) of section 667.5 shall accrue no more than 15 percent of worktime credit].)

7

*Disposition*

The judgment is affirmed.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.