Filed 3/14/14  P. v. Worthington CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DONAVIN EUGENE WORTHINGTON,<br><br>    Defendant and Appellant. | E058112<br><br>(Super.Ct.Nos. FVI1102084 &<br> RIF10004465)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Eric M. Nakata, Judge.  Affirmed.

Jennifer Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lynne G. McGinnis and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Donovin Eugene Worthington appeals from a judgment following a jury verdict of guilty of first degree burglary. (Pen. Code, § 459.)[1] He claims that his post-verdict admission that he had suffered three prior prison term convictions under section 667.5, subdivision (b), was defective and failed to establish that he was subject to the enhancements.[2] We disagree, and affirm the judgment.

STATEMENT OF THE CASE

Due to the nature of defendant's contention, no detailed recitation of the facts is necessary, and we rely on the summary in defendant's opening brief.

The victim was arriving home after a brief absence when she noticed that her garage door was open and an unfamiliar car was in her driveway. When she honked her horn a male ran out of the garage, threw what looked like items of the victim's property into the car, jumped in, and the car drove off. After police arrived, the victim led the deputy through the home, which had been ransacked. The door to the garage had been kicked in and there was blood on the door leading from the house to the interior of the home. This blood was DNA tested and led the authorities to defendant. When contacted by police, defendant pretended to cooperate but then fled. When finally apprehended, a new sample of his DNA matched the blood.

---

[1] All subsequent statutory references are to the Penal Code.

[2] Subdivision (b) of the statute imposes a one-year enhancement "for each prior separate prison term . . . provided that no additional term shall be imposed . . . for any prison term . . . prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody . . . ."

Following the return of the jury's verdict, there was some discussion over whether defendant would admit the three alleged priors. Trial counsel told the trial court that "I just want to review the prior packet. I got it right before we started trial, so I would like to review that briefly just to make sure that there's no issues."

After a recess, counsel informed the court that defendant was "prepared to admit his priors." The colloquy between the court and defendant ran as follows:

"THE COURT: Okay, Mr. Worthington, it is alleged that you have served a prior prison term within the meaning of Penal Code Section 667.5(b) on the following cases.

"Do you admit that you previously have been convicted of unlawful taking of a motor vehicle . . . on or about March the 13th, 2006 in Riverside County in case No. RIF127422?

"THE DEFENDANT: Yes.

"THE COURT: Do you further admit that you have been convicted of and sent to prison for a violation of Health & Safety Code Section 11378 . . . on or about June 6th, 2005 in Riverside County in case No. RIF 122167?

"THE DEFENDANT: Yes.

"THE COURT: And do you further admit that you have been previously convicted and sent to prison in case—for a violation of evading a peace officer, felony evading, Vehicle Code Section 2800.2, on or about September 9th, 2002 in Riverside Superior Court, case No. RIF104854?

"THE DEFENDANT: Yes."

Defendant contends that this was ineffective because he did not *expressly* admit that he had served *three separate* prison terms, or that he had not been free from custody or criminal acts for a period of five years between the convictions. (The "washout" rule; see *People v. Fielder* (2004) 114 Cal.App.4th 1221, 1229.)

DISCUSSION

In *People v. Carrasco* (2012) 209 Cal.App.4th 715, 725 the defendant admitted two priors which had been fully described in the information as satisfying the elements of section 667.5, subdivision (b). At the time of the admission the trial court noted that the priors were "'both state prison priors pursuant to 667.5, subdivision (b).'"[3] (*Ibid.*) In dealing with a challenge identical to that raised here, the appellate court found that the "totality of the circumstances" in the admissions covered all elements of the enhancement. (*Ibid.*) The result in *Carrasco* is consistent with the holding in *People v. Thomas* (1986) 41 Cal.3d 837, 841-843 in which the defendant admitted that he had been convicted of "a serious felony, burglary . . . within the meaning of sections 667 and 1192.7 . . . ." This was held sufficient to concede that the conviction was in fact a "serious felony" even though the *nature* of the burglary, which made it a serious felony, was not alleged in the information or described during the taking of the admission. It is

---

**3** Defendant asserts that the court in *Carrasco* expressly referred to the language of the information. Although the opinion states that the trial court "referred back to the information," there is nothing to establish that the court actually read out the elements of the enhancement. The only quoted portions of the admission discussion are that set out above and the trial court's final recitation that the prior allegations were true "within the meaning of Penal Code section 667.5, subdivision (b)." (*People v. Carrasco, supra*, 209 Cal.App.4th at p. 724.)

also consistent with recent decisions acknowledging that a plea of guilty to a substantive offense admits every element of the offense, and that the same rule applies to admissions of enhancements. (See, e.g., *People v. Watts* (2005) 131 Cal.App.4th 589, 595, citing *People v. Westbrook* (1996) 43 Cal.App.4th 220, 223-224.)

Thus, here, as in *Carrasco*, the defendant was asked whether he had suffered convictions under section 667.5, subdivision (b). He did so admit. We agree with *Carrasco* and find defendant's contrary citations unpersuasive.

Defendant relies on *People v. Epperson* (1985) 168 Cal.App.3d 856, 863-865, in which the "vice" of the admission was that the court, after clearly stating all the elements of the prior prison term enhancement, merely asked the defendant if he wished to admit *the conviction*. The admission given was held insufficient to constitute an admission that the five-year "washout" period had not elapsed. Not only is the court's reasoning both strained[4] and unaccompanied by cited authority, but the result was undoubtedly

---

[4] The trial court began by explaining that "[t]he first alleged prior alleges that you were convicted on or about September 29, 1970 . . . of a felony, to wit, transporting a stolen motor vehicle . . . in violation of 18 United States Code 2312, case No. 8877 . . . and you served a separate prison term of one year or more for such offense and you have not remained free of prison custody and free of the commission of an offense resulting in a felony conviction for five years subsequent to your release . . . ." It then directly asked, "Do you wish to admit you did suffer that conviction?" It could persuasively be argued that by admitting "that conviction," as it had been painstakingly described by the court, the defendant in *Epperson did* admit that the "washout" period did not apply. Very arguably if the People had not conceded the impropriety of the enhancements, the result would have been different.

influenced by the fact that the People *conceded* that the "washout" period had been satisfied and that the enhancements had been wrongly imposed.

Defendant also relies on *People v. Lopez* (1985) 163 Cal.App.3d 946, 949-950 (*Lopez*) in which the defendant admitted that he had suffered burglary convictions which were "serious felonies, within the meaning of Penal Code section 667a." Because at the time only residential burglaries were serious felonies, and because the record did not demonstrate that defendant was made aware of this,[5] the court held that the potential for confusion required that the admissions not be given full effect and could not establish that the burglaries *were* residential. Again, *Lopez* seems over careful; but, in any event, it is distinguishable because in this case the specific facts which caused the prior convictions to support a potential enhancement *were* expressly alleged in the complaint, and we find this sufficient. The validity of *Lopez* is also thrown into doubt by *People v. Thomas*, *supra*, 41 Cal.3d at p. 843 in which the court stated that although it is the better practice for the prosecutor to allege the characteristic of a burglary which makes it a "serious felony," the "defect in the pleading, however, is one of uncertainty only, and is waived by defendant's failure to demur."[6]

---

[5] The information alleged that defendant had been convicted of burglaries which were "serious felonies," but did not allege *why* they were "serious felonies." (*People v. Lopez, supra*, 163 Cal.App.3d at p. 950.)

[6] As noted in *People v. Thomas*, *supra,* 41 Cal.3d at page 843, any burglary may also become a "serious felony" if in its commission it involves, e.g., weapons use or the infliction of great bodily injury. (§ 1192.7, subd. (c)(8).)

6

Defendant also attempts to fit himself under *Epperson* by suggesting that the "washout" period had been satisfied as a factual matter. As suggested in *People v. Thomas, supra,* 41 Cal.3d at page 844, the appropriate way in which to bring such a claim is by habeas corpus, so that evidence outside the appellate record may be introduced in support of the petition. In any event, the claim is without apparent merit. The dates of defendant's convictions are September 9, 2002; June 6, 2005; and March 13, 2006. Although the jury returned its verdict in this case on April 24, 2012, and defendant was sentenced on June 13, 2012, the actual offense was committed on September 14, 2010. The five-year "washout" period begins with the release from prison custody, and is interrupted *either* by a return to prison custody *or* "the commission of an offense which results in a felony conviction." (*People v. Epperson, supra*, 168 Cal.App.3d at p. 863, fn. 2.) Thus, it appears that the "washout" period after the 2006 conviction cannot have been satisfied.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

KING
J.

7