**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MICHAEL T. WHITE,<br><br>          Petitioner - Appellant,<br><br>v.<br><br>M. E. SPEARMAN,<br><br>          Respondent - Appellee. | No. 15-15327<br><br>D.C. No. 3:13-cv-03917-RS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted May 13, 2016[**]
San Francisco, California

Before: McKEOWN, SACK[***], and FRIEDLAND, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Michael White appeals the district court's denial of his federal habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

White contends that the California trial court violated his due process rights by enhancing his sentence in contravention of a state washout rule. White presented this claim in habeas proceedings before the state superior, intermediate appellate, and supreme courts, and these courts denied his petition. Although the state courts did not expressly address White's washout claim, we assume they adjudicated it on the merits. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Accordingly, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), applies.

Before the sentencing court, White admitted to the sentence enhancement allegation under California Penal Code § 667.5(b). Under California law, White thereby admitted to every element of the sentence enhancement, *People v. Thomas*, 41 Cal. 3d 837, 844 (1986), including the inapplicability of the section 667.5(b) washout rule, *see People v. Tenner*, 6 Cal. 4th 559, 563 (1993) (listing elements of section 667.5(b), including failure to meet requirements of washout rule). Because the trial court determined White's sentence based on White's own admission, and not on "materially false or unreliable information" or a "conviction infected by

2

constitutional error," due process was not offended. *See Walker v. Endell*, 850 F.2d 470, 477 (9th Cir. 1988) (discussing due process requirements in sentencing context). The state courts' denial of White's due process claims was thus neither contrary to nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).[1]

White also argues that, in violation of his Sixth Amendment rights, he received ineffective assistance of counsel at his sentencing. White first raised this issue before the district court in his Traverse. Since White "did not properly raise this claim in the district court [it is] not cognizable on appeal." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

AFFIRMED.

---

[1] We do not address whether the sentencing court correctly applied the California washout rule in determining White's sentence. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").