Filed 9/9/24  P. v. Rohrbach CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAKEIMA JOCK ROHRBACH,<br><br>Defendant and Appellant. | C099446<br><br>(Super. Ct. Nos. 23F00003, 22F01374, 23F00308, CRF21000198902, CRF210002002, CRF210007396) |

Defendant Jakeima Jock Rohrbach pled no contest to kidnapping, robbery, two counts of evading a police officer, and two counts of possessing a controlled substance while armed in exchange for a stipulated sentence of 22 years.  (Pen. Code, §§ 207, subd. (a), 211 (undesignated statutory references are to the Penal Code); Veh. Code, § 2800.2; Health & Saf. Code, § 11370.1.)  Defendant's appointed counsel filed an opening brief raising no legal issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Defendant filed a supplemental brief claiming he was raising two issues, but he was actually raising several others:  (a) counsel failed to argue for the application of "new" statutes at his sentencing and if this claim was waived,

1

his counsel provided ineffective assistance; (b) the strike prior he admitted may not have been a strike prior and his counsel was ineffective for not raising this issue; (c) it was unfair he was required to admit two strikes for a single crime that was committed on a single occasion; (d) this appeal should be consolidated with a habeas corpus petition; and (e) his appellate counsel's filing of a *Wende* brief was ineffective assistance of appellate counsel. Having fully examined these arguments and the entire record, we affirm.

BACKGROUND

The procedural history of this case arises out of four separate cases, one of which is derived from one of the first three. To resolve all cases, defendant pled no contest to six counts and admitted two enhancements in exchange for a stipulated sentence of 22 years and the dismissal of the remaining charges, enhancements, and allegations of circumstances in aggravation.

The information in case No. CRF210002002 charged defendant with kidnapping for robbery, possession of a firearm by a felon, possession of ammunition by a felon, possession of metal knuckles, possession of a controlled substance with a firearm, possession of a controlled substance for sale, and transportation of a controlled substance. (§§ 209, subd. (b), 29800, subd. (a), 30305, subd. (a)(1), 21810; Health & Saf. Code, §§ 11370.1, subd. (a), 11378, 11379, subd. (a).) The information alleged enhancements that defendant had two prior convictions under section 667, subdivision (a)(1) that were serious or violent felonies under section 1170.12. Finally, the information alleged defendant personally used a firearm during the kidnapping. (§ 12022.53, subd (b).)

In that case, the victim had consensual sex with his roommate K.W. two weeks before the crimes. K.W.'s father asked the victim if he had raped his daughter, and then the father punched the victim in the face 10 to 15 times. Defendant arrived with a firearm. Defendant held the gun on the victim while the father and defendant punched the victim in the face 10 to 15 more times. Defendant took the victim's phone and told him he had one hour to pack his things and leave his apartment forever. Defendant and

the father began to drive the victim to a bank to get money, but then decided it was better for the victim to pay them electronically via a cellular phone. While the victim was paying, defendant hit the victim in the head with his gun. After the payment went through, defendant took several photographs of the victim's bank cards, and recorded the victim providing his social security number and passwords. Defendant's parting words were that if the victim ever came back to the apartment or contacted K.W. again, he would "put a bullet in him."

The trial court heard and denied a *Marsden*[1] motion in this case in 2021.

After defendant posted bond, the prosecution filed a new case No. CRF210007396. The information in this case charged defendant with being a prohibited person with a firearm, being a felon in possession of a firearm in a vehicle, possession of a controlled substance with a firearm, and possession of drug paraphernalia. (§§ 25400, subd. (a)(3), 29800, subd. (a); Health & Saf. Code, §§ 11370.1, subd. (a), 11364.) It further alleged enhancements that defendant committed the offenses while on bail and defendant had a prior serious or violent felony. (Pen. Code, §§ 12022.1, subd. (b), 1170.12.)

In that case, defendant was the driver of a car stopped by officers for unsafe driving. After defendant provided a false name and date of birth, officers learned he had a suspended driver's license and was on probation. In the subsequent search of the car, officers found a four-inch-long blade with a brass knuckle grip, a loaded pistol, a loaded AR-15 style rifle, miscellaneous ammunition and 14 pounds of processed marijuana, and 27 grams of methamphetamine on defendant's person.

This case proceeded to a jury trial, but the court declared a mistrial.

In case No. 22F01374, the information charged defendant with two counts of possession of a firearm by a felon, resisting an executive officer, falsely reporting a bomb

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118.

3

to an agency or business, possession of ammunition, evading a peace officer, possession of a controlled substance for sale, and sale/offer to sell/transportation of a controlled substance. (§§ 29800, subd. (a), 69, 148.1, subd. (a), 30305, subd. (a)(1); Veh. Code, § 2800.2; Health & Saf. Code, §§ 11378, 11379, subd. (a).) Additionally, the complaint contained allegations the offenses were committed while on bail and defendant had a prior strike. (Pen. Code, §§ 12022.1, subd (b), 1170.12.)

In that case, defendant evaded attempts by officers to stop him while he was driving. No other facts were disclosed in the postsentence report as to the other crimes alleged in this case.

In September 2022, the trial court suspended prosecution of all cases to determine whether defendant was competent to stand trial. After receiving a confidential psychological report, the court found defendant competent to stand trial and the proceedings resumed.

The prosecution refiled case Nos. CRF210002002 and CRF21000198902 as case No. 23F00003. In that combined case, the information charged defendant with two counts of robbery, assault with a firearm, assault by means of force likely to produce great bodily harm, kidnapping, kidnapping to commit another crime, and false imprisonment. (§§ 211, 245, subd. (a)(2), 245, subd. (a)(4), 207, subd. (a), 209, subd. (b)(1), 236.) It also alleged enhancements for personal use of a firearm under section 12022.53, subdivision (b), that the prior convictions qualified under sections 1170.12, 667, subdivision (a)(1), and alleged several circumstances in aggravation under California Rules of Court, rule 4.421.

Several charges from the original complaint in case No. 23F00003 were refiled in case No. 23F00308. In this latter case, the information alleged possession of a firearm by a felon, unlawful possession of ammunition, possession of metal knuckles, possession of a controlled substance with a firearm, possession of a controlled substance for sale, and transportation of a controlled substance. (§§ 29800, subd. (a), 30305, subd. (a)(1),

4

21810; Health & Saf. Code, §§ 11370.1, subd. (a), 11378, 11379, subd. (a).)  It alleged an enhancement under section 1170.12, and several aggravating factors under the California Rules of Court.

The trial court granted the prosecution's motion to consolidate case Nos. CRF210007396 and 23F00308, and the prosecution filed a consolidated information under case No. CRF210007396.  The court further granted the prosecution's motion to consolidate case Nos. 22F01374 and 23F02421, and the prosecution filed a consolidated information in case No. 22F01374.

Pursuant to a negotiated plea, defendant resolved all these outstanding cases. Defendant executed the plea agreement setting forth his constitutional rights and the consequences of his plea.  The trial court went over that document with defendant in open court and defendant affirmatively represented he read it and understood what he was admitting, the rights he was giving up, and the sentence he would receive.

Defendant pled no contest to kidnapping, robbery, two counts of evading a peace officer, and two counts of possession of a controlled substance with a firearm in exchange for a stipulated term of 22 years in state prison and dismissal of the remaining charges.  (§§ 207, subd. (a), 211; Veh. Code, § 2800.2; Health & Saf. Code, § 11370.1.) He also admitted he had a single strike and that he personally used a firearm during the robbery.  In accordance with the plea agreement, the trial court dismissed the remaining counts.  It also imposed the stipulated 22-year sentence.

Defendant timely appealed and obtained a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People v. Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal.  Counsel advised defendant of the right to file a supplemental

5

brief within 30 days of the date of filing of the opening brief.  Defendant filed a supplemental brief raising numerous issues.

*Sentencing*

The first series of issues defendant raises in his supplemental brief is that his trial counsel failed to raise several "new sentencing laws" at his sentencing to reduce his sentence, and if he has forfeited this contention, his counsel was ineffective.  Specifically, he argues his trial counsel failed to move to strike or dismiss the firearm enhancement under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats 2017, ch. 682, eff. Jan. 1, 2018) and under Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats 2021, ch. 721, eff. Jan. 1, 2022).  He also argues his trial counsel failed to seek the dismissal of multiple enhancements under section 1385, subdivision (c)(2)(B),[2] as well as dismissal of an enhancement that caused his sentence to exceed 20 years under section 1385, subdivision (c)(2)(C), based on amendments enacted by Senate Bill No. 81 (2021-2022 Reg. Sess.). He further argues trial counsel failed to claim he had childhood trauma and mental illness under amendments to section 1170, subdivision (b)(6), amendments brought about by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022).  Defendant concludes by arguing his trial counsel failed to assert the amendments to section 654 enacted by Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441, eff. Jan. 1, 2022) which would allow the trial court to choose as the principal term something other than the highest term of the multiple terms imposed.

Each of the laws defendant cites was signed into law by the Governor in the year prior to its effective date noted above and became effective on the first day of the following year.  (Cal. Const., art. IV, § 8, subd. (c).)  As a result, all of these statutes were in effect in 2023 when defendant was sentenced.  Thus, to the extent they may have

---

[2]  Defendant admitted a single enhancement.  Thus, section 1385, subdivision (c)(2)(B) has no application here.

applied, defendant's counsel should have raised these sentencing laws at the time of his sentencing in 2023. His failure to do so forfeits any argument based on these laws. (*People v. Scott* (1994) 9 Cal.4th 331, 352-353.) Defendant admits as much in his supplemental brief.

Anticipating this result, defendant argues his counsel was ineffective for failing to raise these arguments. He has not sustained his burden of demonstrating ineffective assistance of counsel.

To establish a claim of ineffective assistance of counsel, defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to defendant. (*People v. Mai* (2013) 57 Cal.4th 986, 1009; *Strickland v. Washington* (1984) 466 U.S. 668, 687-688.)

"On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai*, *supra*, 57 Cal.4th at p. 1009.)

Here, the record is silent as to counsel's reasons for failing to raise these statutes at sentencing, defense counsel was not asked on the record for his reasons, nor does the record contain any affirmative evidence counsel had no rational tactical purpose for refusing to object. We surmise there could have been a legitimate reason why defense counsel may have chosen not to object. Indeed, defendant's counsel was successful in negotiating four cases alleging several counts each plus enhancements and a potential life-sentence exposure into a single determinate stipulated sentence of 22 years, and the dismissal of most of the charges, one of the alleged strikes, and multiple circumstances in aggravation. This appears a satisfactory tactical choice.

7

*Strike Prior*

Defendant raises two arguments about the strike prior he admitted.  First, he contends the strike "may not in fact be a true strike," and his counsel's failure to raise this was ineffective assistance of counsel.  Second, defendant argues it was unfair defendant had to plead to two prior strikes for a crime that was committed on the same occasion.

As to the latter claim, the record demonstrates defendant admitted only a single strike based on a May 2008 robbery.  Thus, he did not admit two strikes based on a single crime.

As to the former claim, at sentencing, defendant thrice admitted he was convicted of robbery under section 211 in May 2008.  "Any robbery" is a prior violent felony for purposes of the three strikes law.  (§§ 1170.12, subds. (b)(1), (c), 667.5, subd. (c)(9).)

"[W]hen the sufficiency of an admission of a prior conviction is called into question, the only issue is whether the admission was voluntary, made by a defendant who has been informed of his constitutional rights and of the consequences of the admission.  [Citation.]  An admission which meets those standards is binding whether or not defendant obtained an adequate consideration in return for the admission." (*People v. Thomas* (1986) 41 Cal.3d 837, 844-845.)  Here, defendant signed off on the plea agreement setting forth his constitutional rights and the consequences of his plea.  The trial court went over that document with defendant in open court and defendant affirmatively represented he read it and understood what he was admitting, the rights he was giving up, and the sentence he would receive.  The trial court found defendant's plea and admissions voluntary.  This admission is thus binding, and he cannot challenge it on appeal.

As to defendant's claim of ineffectiveness of counsel, the record is silent as to counsel's reasons for choosing not to challenge the admission of the strike prior.  Defense counsel was not asked on the record for his reasons, nor does the record contain any affirmative evidence counsel had no rational tactical purpose for refusing to object.

8

Counsel could have legitimately examined defendant's priors and determined they were valid and that the plea agreement requiring him to admit only a single prior and the dismissal of multiple counts was the best outcome possible for his client. Thus, defendant has not demonstrated counsel's ineffectiveness in this direct appeal.

*Consolidation with Habeas Petition*

Defendant asks us to consolidate this appeal with a petition for habeas corpus. We decline to do so. There is no record of a currently pending habeas petition before the trial court, nor do our records show one before us. Thus, this request is not properly before us. Further, if defendant has filed a petition for habeas corpus in the trial court, "in noncapital cases, if the superior court denies a petition for a writ of habeas corpus, the petitioner has no statutory right to appeal. Instead, the petitioner must file a new, original petition, generally in the Court of Appeal." (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895.)

*Ineffective Assistance of Appellate Counsel*

Finally, defendant contends his appellate counsel's failure to raise the above arguments means his appellate counsel rendered ineffective assistance. Counsel does not render ineffective assistance by failing to raise arguments that lack any arguable merit. (*People v. Ochoa* (1998) 19 Cal.4th 353, 463 ["Representation does not become deficient for failing to make meritless objections"], as modified Jan. 27, 1999.) As we have set forth, none of the claims raised by defendant have merit.

We have further independently reviewed the record, and we also find no arguable error that would result in a disposition more favorable to defendant.

9

DISPOSITION

The judgment is affirmed.

/s/ 

MESIWALA, J.

We concur:

/s/ 

EARL, P. J.

/s/ 

MAURO, J.