Filed 12/29/15  P. v. Anastasiou CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW ANASTASIOU,<br><br>    Defendant and Appellant. | 2d Crim. No. B261266<br>(Super. Ct. No. 2014007178)<br>(Ventura County) |

Matthew Anastasiou appeals an order of probation granted following conviction of five counts of felony graffiti vandalism and three counts of misdemeanor graffiti vandalism, with criminal street gang enhancement findings.  (Pen. Code, §§ 594, subds. (b)(1), (b)(2)(A), 186.22, subds. (b)(1) & (d).)[1]  We conclude that the "converse *Bailey*" doctrine does not entitle Anastasiou to dismissal of all but one conviction.  (*People v. Bailey* (1961) 55 Cal.2d 514, 519.)  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

During the evening of January 29, 2014, Ventura County Sheriff's Deputy David Schwieder patrolled Cortez Street in the El Rio area.  Schwieder noticed graffiti that had been recently spray-painted on nearby walls.  The graffiti referenced the "Colonia Chiques" criminal street gang and "Spanky," a "relatively rare moniker."  A rival gang, "El Rio Troublestreet," claimed the El Rio neighborhood.

[1] All statutory references are to the Penal Code.

Investigation revealed this additional graffiti, among others, spray-painted on walls, a garage door, and vehicles in the neighborhood: "Spanky," on a garage door on Corsicana Drive; "Colonia" and "Spanky," on a wall near Simon Way; "Spanky," "Colonia," and "Eastside," on a wall on Corsicana Drive; "Spanky," "Colonia," and "RIP Noah," on a wall on Helsam Avenue; "Spanky," and "Colonia," on a wall on Walnut Drive, a motor home parked on Citrus Street, and a trailer parked in a driveway fronting Walnut Drive. At trial, the court received photographic evidence of the graffiti.

Ventura County Sheriff's Deputy Francisco Jauregui testified at trial as a criminal street gang expert. He opined that Anastasiou was the "Spanky" referenced in the graffiti and that he had committed the graffiti vandalism on January 29, 2014, and in an earlier incident on Emerald Street in Oxnard in October 2013. Jauregui rested his opinion, in part, upon Facebook postings identifying Anastasiou as "Spanky" as well as photographs, documents, and items found during execution of a search warrant for Anastasiou's residence, vehicle, and cellular telephone.

Jauregui opined that criminal street gang members commit acts of graffiti vandalism to earn the respect of their own gang members and to intimidate and challenge rival gang members. Jauregui also stated that graffiti "terrorizes members of the . . . community that have no gang affiliation." He confirmed that graffiti "essentially makes the normal, average citizen afraid to go out at night."

Cynthia Hookstra, the graffiti task force coordinator for the City of Oxnard, testified regarding the detailed and specific costs of removing the charged counts of graffiti vandalism. Hookstra stated that her employees photographed the graffiti prior to removing it and, later, after the surfaces were cleaned.

Oxnard Police Officer Jaime Miranda testified regarding the Colonia Chiques criminal street gang. He stated that Colonia Chiques gang members commit graffiti vandalism in rival territories to increase the status and reputation of the individual tagger and the Chiques gang. Miranda reviewed the evidence in this prosecution as well as police records and concluded that Anastasiou was "Spanky," an active member of the Colonia Chiques gang.

2

Following a court trial, the trial court convicted Anastasiou of five counts of felony graffiti vandalism and three counts of misdemeanor graffiti vandalism. (§ 594, subds. (b)(1), (b)(2)(A).) The court also found that he committed the crimes to benefit a criminal street gang within the meaning of section 186.22, subdivisions (b)(1) (counts 1, 5-8) and (d) (counts 2-4). The court suspended imposition of sentence and placed Anastasiou on 36 months formal probation, with terms and conditions including 365 days confinement in county jail. The court imposed various fines, fees, and assessments, ordered victim restitution, and awarded Anastasiou 365 days of presentence custody credit.

Anastasiou appeals and contends that the trial court erred by not consolidating his multiple convictions for graffiti vandalism. (*People v. Bailey*, *supra*, 55 Cal.2d 514, 519 [whether there is one theft offense or separate theft offenses depends upon whether the evidence discloses one general intent or separate and distinct intents].)

*DISCUSSION*

Anastasiou argues that pursuant to *People v. Bailey*, *supra*, 55 Cal.2d 514, 519, and *In re Arthur V.* (2008) 166 Cal.App.4th 61, 65-69, his multiple convictions for vandalism constitute but a single criminal offense. He points out that counts 1 through 7 were committed during the same evening in the same area and that all counts were committed with the intent of benefiting the Colonia Chiques criminal street gang. Anastasiou adds that the graffiti task force incurred the costs of removing the graffiti painted on public and private property alike.

Generally, a criminal defendant can suffer multiple convictions for a single criminal act or a series of related criminal acts. (§ 954; *People v. Kirvin* (2014) 231 Cal.App.4th 1507, 1517.) In *People v. Bailey*, *supra*, 55 Cal.2d 514, our Supreme Court created an exception to the general rule allowing multiple convictions. *Bailey* held that the prosecutor could charge a defendant's ongoing receipt of welfare benefits arising from a single fraudulent application as a single count of grand theft rather than as discrete, separate petty thefts because the thefts were all committed "pursuant to one intention, one general impulse, and one plan." (*Id.* at p. 519.) "Subsequent decisions have construed

3

*Bailey* as being a two-sided coin, granting criminal defendants the right to insist upon the dismissal of all but one conviction when multiple crimes are unified by a single intent, impulse or plan." (*Kirvin*, at p. 1517.)

This "converse *Bailey*" doctrine has been applied to crimes that treat harm or damage as an element and permit the prosecutor to aggregate that harm or damage -- crimes such as theft and vandalism. (*People v. Kirvin*, *supra*, 231 Cal.App.4th 1507, 1517-1518; *People v. Tabb* (2009) 170 Cal.App.4th 1142, 1149 [multiple acts of theft consolidated to a single felony offense]; *People v. Carrasco* (2012) 209 Cal.App.4th 715, 717 [multiple acts of vandalism against different property owners consolidated to a single felony offense].) "Until recently, the converse *Bailey* doctrine applied with full force to this category of offenses, and entitled a defendant to dismissal of all but one conviction for multiple crimes, even if each involved a complete criminal act, as long as the crimes were committed 'pursuant to a single general impulse, intention or plan.'" (*Kirvin*, at p. 1518.) In *People v. Whitmer* (2014) 59 Cal.4th 733, 741, our Supreme Court disapproved this earlier precedent and held that a defendant could suffer multiple convictions "based on separate and distinct acts of theft, even if committed pursuant to a single overarching scheme." "[A] serial thief should not receive a '"felony discount"' if the thefts are separate and distinct even if they are similar." (*Id.* at pp. 740-741.) *Whitmer* recognized, however, that its decision marked an abrupt departure from current law and thus would only apply prospectively. (*Id.* at pp. 741-742.)

Whether a series of wrongful acts constitutes a single offense or multiple offenses is a question of fact for the trier of fact to determine. (*People v. Bailey*, *supra*, 55 Cal.2d 514, 519; *In re Arthur V.*, *supra*, 166 Cal.App.4th 61, 69.) *Bailey* permits conviction of multiple offenses if the evidence establishes "separate and distinct" offenses that "were not committed pursuant to one intention, one general impulse, and one plan." (*Bailey*, at p. 519.)

Sufficient evidence supports the trial court's implied finding that the eight charged counts of graffiti vandalism were separate and distinct offenses that were not committed pursuant to one intention, general impulse, and plan. Anastasiou's tagging

4

was not limited to a single structure; he tagged walls, a recreational vehicle, a trailer, and a garage door over several blocks in El Rio as well as a wall in Oxnard on an earlier occasion. The spray-paintings were between two and five feet high and as long as 30 feet. Anastasiou traveled a distance to tag as many structures as he did, outside the view of witnesses. Some properties that Anastasiou defaced were private properties and some were public walls. Anastasiou's intentions were several; he increased his reputation with his criminal street gang by the tagging, he also increased his gang's reputation within rival territory, and the tagging intimidated the many residents whose property and surroundings were defaced by the brash oversized graffiti. Pursuant to the jurisprudence prior to *People v. Whitmer*, *supra*, 59 Cal.4th 733, Anastasiou was properly charged and convicted of eight counts of graffiti-vandalism.

The order of probation is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

5

Gilbert A. Romero, Judge

Superior Court County of Ventura

_____

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Yun K. Lee, Tannaz Kouhpainezhad, Deputy Attorneys General, for Plaintiff and Respondent.