Filed 6/24/26  P. v. Turgeon CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085631 |
| Plaintiff and Respondent, | (Super. Ct. No. SCD303782) |
| v. | |
| MARK LAWRENCE TURGEON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Albert T. Harutunian III, Judge.  Affirmed.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene Sevidal, Assistant Attorney General, Eric Swenson and Tyler L. Krentz, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

A jury convicted Mark Lawrence Turgeon of committing one count of arson and two counts of felony vandalism during an early morning crime spree.  On appeal, he contends one of his felony vandalism convictions is not supported by substantial evidence, and the trial court erred in instructing the

jury with respect to that charge.  He also asserts the trial court erred by admitting hearsay testimony.  We find no error and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

I.

*The Prosecution's Case*

In the early morning of June 7, 2024, Shawn Williams, Gonzalo Mendoza, and Jose Villalvazo were working at Solar Turbines in San Diego.  Around 3:34 a.m., Turgeon entered the employee parking lot and threw a rock at their cars, breaking windows in each of them.  The incident was captured on surveillance video.  While reviewing the video later in the morning, the Solar Turbine's facility director noticed Turgeon had also thrown a rock through a window at the facility.[1]

Around 4:45 that morning, San Diego Harbor Police received a report of a fire in front of their headquarters.  Officers responded to find a trash can fully engulfed in flames and the fire spreading to nearby brush and a tree.  Port camera operators reported seeing Turgeon digging around in the trash can about 15 minutes before officers responded to the fire.

Officers located Turgeon about one-half mile from Harbor Police headquarters.  He was carrying three lighters.

---

[1]	Clips from the surveillance video were admitted at trial as People's exhibits 2 and 3.  Exhibit 2 relates to the vandalizing of the cars and exhibit 3 relates to the vandalizing of the building.  Exhibits 2 and 3 were transmitted to this court as part of the record on appeal.

## II.

### *Conviction and Sentence*

The People charged Turgeon with one count of arson (Pen. Code,[2] § 451, subd. (d)) for the fire at police headquarters (Count 1), one count of felony vandalism (§ 594) for the broken building window at Solar Turbines (Count 2), and one count of felony vandalism (*ibid.*) for the broken windows of the three cars in the Solar Turbines parking lot (Count 3). The jury convicted him on all three counts. In a bifurcated proceeding, the trial court found he previously suffered a conviction constituting both a serious felony (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)) and a strike (§§ 667, subds. (b)–(i), 668, 1170.12). The court sentenced Turgeon to a total prison term of six years and eight months.

## DISCUSSION

## I.

### *The Evidence Supported Aggregation of the Damages for Purposes of Count 3*

As noted, the jury convicted Turgeon of felony vandalism in Count 3 for the combined damage he caused to the three cars owned by Williams, Mendoza, and Villalvazo. Here, Turgeon presents two related challenges to this conviction: (1) the evidence was insufficient to support his conviction for felony vandalism absent aggregation of the damage caused to each of the cars, and (2) the evidence did not support the jury instruction permitting the jury to aggregate damages because Turgeon did not damage the cars pursuant to a single general impulse, intention, and plan. We reject both contentions.

---

[2]    Further unspecified statutory references are to the Penal Code.

A.    *Standards of Review for Instructional Error and Sufficiency of the Evidence*

"A trial court must instruct the jury on every theory that is supported by substantial evidence, that is, evidence that would allow a reasonable jury to make a determination in accordance with the theory presented under the proper standard of proof." (*People v. Cole* (2004) 33 Cal.4th 1158, 1206.) "There is no instructional error when the record contains substantial evidence in support of a guilty verdict on the basis of the challenged theory." (*People v. Jantz* (2006) 137 Cal.App.4th 1283, 1290.)  Although we review a trial court's decision to issue an instruction de novo (*Cole,* at p. 1206), the standard is "essentially the same" as that applicable to a sufficiency of the evidence claim (*People v. Nelson* (2016) 1 Cal.5th 513, 550).

"In considering a sufficiency of the evidence claim, we review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Collins* (2025) 17 Cal.5th 293, 307 [cleaned up]; *Jackson v. Virginia* (1979) 443 U.S. 307, 319.) "Reversal on this ground is unwarranted unless it appears that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]." (*People v. Bolin* (1998) 18 Cal.4th 297, 331 [cleaned up].)

B.    *The Evidence Presented at Trial Is Sufficient to Support the Aggregation Instruction and Turgeon's Conviction on Count 3*

If an act of vandalism causes $400 or more in damage, it is a "wobbler" that may be charged as either a felony or a misdemeanor.  (§ 594, subd. (b)(1); *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 906, fn. 14; see *id.* at

4

p. 902, fn. 9 [defining "wobbler"].) "[M]ultiple instances of misdemeanor vandalism can be aggregated to form a single felony, unless the 'evidence shows that the offenses are separate and distinct and were not committed pursuant to one intention, one general impulse, and one plan.' " (*In re Arthur V.* (2008) 166 Cal.App.4th 61, 69 (*Arthur V.*)[3]; see *id.* at pp. 65–69 [recognizing holding of *People v. Bailey* (1961) 55 Cal.2d 514 that multiple takings can be aggregated to support a single charge of grand theft and applying *Bailey* to vandalism]. Even "where a defendant engages in vandalism that causes damage to the property of more than one victim, aggregation of the damages amounts is appropriate when the damage did not result from separate and distinct criminal acts and was inflicted pursuant to a single general impulse, intention or plan." (*People v. Carrasco* (2012) 209 Cal.App.4th 715, 717 (*Carrasco*).)[4]

At trial, Williams testified he submitted an insurance claim and paid a $50 deductible to have his windshield replaced. Mendoza had his windshield replaced for $160. And Villalvazo had his window replaced for $350. The trial court instructed the jury on how to consider these respective costs in relation to the single count of felony vandalism charged in Count 3, as follows: "Damage resulting from multiple acts of vandalism may be

---

[3] Disapproved on other grounds by *People v. Whitmer* (2014) 59 Cal.4th 733, 740–742 (*Whitmer*) [a defendant may be convicted of multiple counts "based on separate and distinct acts of theft, even if committed pursuant to a single overarching scheme"].

[4] Disapproved on other grounds by *Whitmer, supra*, 59 Cal.4th at pp. 740–742 [a defendant may be convicted of multiple counts "based on separate and distinct acts of theft, even if committed pursuant to a single overarching scheme"].

aggregated to equal $400 or more if the acts were part of a single general impulse, intention, and plan." Substantial evidence supports the trial court's issuance of this instruction, as well as Turgeon's resulting conviction, because a reasonable trier of fact could have found beyond a reasonable doubt that Turgeon damaged all three cars pursuant to a single general impulse, intention, and plan.[5]

The surveillance video from Solar Turbines shows Turgeon entering the employee parking lot where Williams, Mendoza, and Villalvazo parked in adjacent parking stalls. He first approached Williams's car and threw a rock at the windshield. The rock bounced off Williams's windshield toward a nearby planter. Turgeon immediately retrieved the rock, walked to Mendoza's car, and threw the rock at the windshield. The rock bounced off Mendoza's windshield and landed near the driver's side of Villalvazo's car. Without pause, Turgeon retrieved the rock from the ground and threw it through Villalvazo's driver's window. The entire incident lasted less than a minute.

It is clear from the video that Turgeon damaged the three cars in a continuous scheme. He progressed immediately from one car to the next and caused damage in the same manner and with the same rock. No evidence was presented at trial to suggest Turgeon's intent in causing damage differed from car to car or victim to victim. It is reasonable to conclude from this evidence that Turgeon damaged the cars pursuant to a single general impulse, intention, and plan. (See *Carrasco, supra*, 209 Cal.App.4th at pp. 718–721 [finding aggregation of damages appropriate where, following an

---

[5] In so finding, we need not consider the testimony underlying Turgeon's evidentiary error claim.

6

argument with his mother, defendant broke a window in a home owned by his father and then broke windows in his mother's car, which was parked nearby]; *Arthur V., supra*, 166 Cal.App.4th at p. 69 [finding aggregation of damages appropriate where defendant committed multiple acts against a single victim that "occurred within a very brief time period [and] in the same approximate location"].)

Turgeon asserts his case is distinguishable from *Carrasco* and *Arthur V.* and, instead, is more like *In re David D.* (1997) 52 Cal.App.4th 304. We are not persuaded. In *David D.*, the court held it was erroneous to aggregate multiple acts of misdemeanor vandalism to support a single felony charge where the defendant "spent an evening" tagging 34 separate properties "throughout" the city. (*Id.* at p. 310.) The court reasoned that, under these circumstances, "each tagging incident clearly represent[ed] a separate offense affecting a different victim." (*Id.* at p. 311.) This is not analogous to the situation here where Turgeon vandalized three cars parked in adjacent parking stalls in quick succession.[6]

## II.

### *The Admission of Testimony Regarding Repair Quotes Was Harmless*

In addition to the victims' testimony discussed above regarding their actual costs for repairs, the prosecutor elicited at trial testimony from Williams, Mendoza, and Villalvazo regarding quotes they obtained for repairs. Specifically, Williams testified that a company quoted him "around

---

[6] Because we find the damages at issue in Count 3 can properly be aggregated, and that, based on such aggregation, the evidence is sufficient to support Turgeon's conviction for felony vandalism in Count 3, we do not address his argument that the evidence failed to show he caused $400 or more of damage to any of the cars individually.

$1,600." Mendoza testified repair shops in San Diego quoted him "about 400, plus installation, which was 2- to 300 more." Villalvazo testified that a car dealership in San Diego quoted him "like $400 for the window, and 100-and-something for the service fee."

Turgeon argues that the trial court erred by admitting this testimony because it was inadmissible hearsay. However, he concedes that, if the jury was properly permitted to aggregate the damage caused to all the cars, the admission of the hearsay testimony was not prejudicial. The People do not argue the testimony was properly admitted but, rather, contend its admission was harmless given evidence that the actual cost of the repairs to the three cars, when aggregated, met the threshold for felony vandalism. As we have explained, we find the jury could have aggregated the damage to all the cars to convict on a single count of felony vandalism and that the damage to the cars, when aggregated, is sufficient to support Turgeon's conviction on Count 3. Thus, as Turgeon concedes, any error in allowing the testimony about the quotes was harmless. (*People v. Valencia* (2021) 11 Cal.5th 818, 840 [admission of nontestimonial hearsay is subject to harmless error review under *People v. Watson* (1956) 46 Cal.2d 818, which asks if it is reasonably probable defendant would have received a more favorable result absent the error].)

DISPOSITION

The judgment is affirmed.

DO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

CASTILLO, J.

9